Lucius R. SWASEY, George L. Swasey and John A. Swasey, Plaintiffs and Appellants,

v.

ROCKY POINT DITCH COMPANY, Melvin J. Abbott, Howard M. Cowan, Harvey Gee, Kipp Merkley, John Munz, Lloyd Remund, et al., Defendants and Respondents.

No. 17971.

Supreme Court of Utah.

May 25, 1982.

M. Dayle Jeffs, Provo, for plaintiffs and appellants.

E. Craig Smay, Park City, for defendants and respondents.

PER CURIAM:

Defendants move to dismiss this appeal due to inadequacies of plaintiffs' supersede-as bond or in the alternative, to require plaintiffs to post a proper bond. Defendants contend that the bond filed in this matter does not meet the requirements of Rule 73(d), U.R.C.P., and that it fails to offer meaningful assurances to defendants.[1]

By motion, defendants objected to the sufficiency of the bond in the district court. Inasmuch as the record had already been transmitted to this Court for appeal purposes, the district court declined to hear the matter. Now, before this Court, defendants argue that the bond is not sufficient, while the plaintiffs argue that it is sufficient.

Rule 73(e), Utah Rules of Civil Procedure, provides as follows:

> If a bond on appeal or a supersedeas bond is not filed within the time specified, or if the bond filed is found insufficient, and if the record on appeal has not been filed in the Supreme Court, a bond may be filed at such time before the record is so filed as may be fixed by the district court. After the record is so filed, application for leave to file a bond may be made only in the Supreme Court.

As indicated on numerous occasions, this Court is ill-equipped to take evidence.[2] This matter clearly calls for a factual determination, which necessitates the taking of evidence.

We therefore grant leave under the foregoing rule and direct the district court to take any evidence it may deem appropriate and to rule upon the question as to the adequacy of plaintiffs' supersedeas bond.

*So ordered.*

---

1. Defendants allege that the "bond" consists of a representation that plaintiffs will pay, the only "sureties" being plaintiffs and their wives.

2. See, e.g., *State v. Larocco,* Utah, 649 P.2d 2 (No. 18267, also filed this date).