**STATE of Utah, Plaintiff and
Respondent,**

v.

**Phillip Paul LAROCCO, Defendant
and Appellant.**

No. 18267.

Supreme Court of Utah.

May 25, 1982.

3. U.C.A., 1953, 77–35–30(a). See also Rule 61, Utah Rules of Civil Procedure.

court is directed to appoint counsel for the purpose of appeal.

*So ordered.*

**STATE of Utah, Plaintiff and Respondent,**

v.

**Donald Joseph FRANKS, aka Dave Rembles, Defendant and Appellant.**

**No. 17861.**

Supreme Court of Utah.

May 25, 1982.

---

Walter F. Bugden, Jr., Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant was charged with the crime of theft, in violation of U.C.A., 76–6–404, and retained counsel to represent him. Following a jury verdict of guilty, defense counsel filed this appeal. Defendant has since filed an affidavit of impecuniosity, claiming that his "financial reserves are completely exhausted at this point." Both defendant and his counsel assert that defendant qualifies for court-appointed representation. Counsel requests permission to withdraw, which request is hereby granted.

This Court is not equipped, however, to take evidence as to the veracity of defendant's claim of impecuniosity. The case is therefore remanded to the district court for the purpose of hearing any evidence it deems appropriate to make a determination as to defendant's ability to retain substitute counsel. In the event defendant is found to be impecunious, as alleged, the district